IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 10-1323 |
| PITTSBURGH BOARD OF PUBLIC | ) Judge Nora Barry Fischer |
| EDUCATION, IMANI CHRISTIAN | ) |
| ACADEMY, NAACP, MILTON RAIFORD, | ) |
| JR., MARLON BARNETT, SHERICE COLES, | ) |
| MAISHA JOHNSON, JASON WASHINGTON, | ) |
| DERRICK TURNER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**I. Introduction**

On March 16, 2011, Plaintiff filed an "Appendix of Evidence to Support Plaintiff's Motion/Brief to Deny Imani Defendants' Motion to Dismiss Plaintiff's Complaint" ("Appendix") (Docket No. [78-1]) wherein Plaintiff submitted documents showing the full names of minor children in violation of Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(D)(2).[1] Subsequently, the Court issued an Order sealing Plaintiff's Appendix (Docket No. [78-1]) and advised Plaintiff that all future violations of the Federal Rules of Civil Procedure and the Court's orders will result in the imposition of sanctions, including the potential dismissal of this case. (Docket No. [83]).

---

[1] **"Names of minor children.** If the involvement of a minor child must be mentioned, only that child's initials shall be used." W.D. Pa. Loc. Civ. R. 5.2(D)(2).

1

Plaintiff filed a "Motion for Leave to Accept the Redacted Version of Exhibits Using Initials or No Name of Any Minors Names that Was Overlooked by Plaintiff when She Dedacted Some of the Names on Documents Contained in the Appendix Filed 3/16/11" (Docket No. [87]) on March 24, 2011, which the Court construed as a Motion to Unseal the Appendix. (Docket No. [83]). Given the Court's Order sealing the entirety of the Appendix due to Plaintiff's violation of the Federal Rules of Civil Procedure and the Court's Local Rules (Docket No. [83]) and given the Court's inability to partially seal the Plaintiff's Appendix (Docket No. [78-1]), the Court denied Plaintiff's Motion (Docket No. [87]), without prejudice, to re-file her complete Appendix (Docket No. [78-1]) in compliance with said rules no later than April 1, 2011 at 5:00 p.m. (Docket No. [91]). Plaintiff complied with that Order and filed said Appendix on April 1, 2011. (Docket No. [95]).

In response to Plaintiff's Motion to Unseal the Appendix (Docket No. [87]), Imani Defendants filed a Motion to Immediately Seal and Thereafter Strike Plaintiff's Recent Exhibits and Motion for Sanctions for Failure to Comply with the Rules and Orders of this Honorable Court. (Docket No. [88]). Therein, Imani Defendants requested that the Court seal and strike all exhibits attached to Plaintiff's Motion to Unseal the Appendix (Docket Nos. [87-1], [87-2], [87-3]) due to the sensitive nature of the documents and Plaintiff's "lackluster" effort to redact documents that previously showed the full names of minor children in violation of the Federal Rules of Civil Procedure and the Court's Local Rules. (Docket No. [89] at 3). Moreover, Imani Defendants sought sanctions against Plaintiff for her violation of this Court's Order (Docket No. [83]), which reminded Plaintiff of her obligations under the Federal Rules of Civil Procedure

and the Court's Local Rules. (Docket No. [89] at 5). On March 28, 2011, the Court issued an Order denying Imani Defendants' Motion (Docket No. [88]) because Plaintiff's Appendix (Docket No. [78-1]) will remain sealed and Plaintiff's Motion to Unseal the Appendix (Docket No. [87]) is denied, without prejudice. (Docket No. [91]).

Presently before the Court is Imani Defendants' Motion to Reconsider the Order (Docket No. [91]) denying Imani Defendants' Motion to Immediately Seal (Docket No. [88]) orally submitted by counsel for Imani Defendants during argument regarding Imani Defendants' Motion to Dismiss (Docket No. [29]) and the NAACP's Motion to Dismiss (Docket No. [62]) on April 1, 2011. Counsel for Imani Defendants stated at said argument that the scope of the instant Motion to Reconsider is limited to the Court's Order addressing Imani Defendants' Motion to Immediately Seal the exhibits attached to Plaintiff's Motion to Unseal the Appendix (Docket Nos. [87-1], [87-2], [87-3]). (Docket No. [88]). Accordingly, the Court understands that Imani Defendants are not asking the Court to reconsider its Order (Docket No. [91]) as it relates to Imani Defendants' Motion to Strike and Motion for Sanctions. (Docket No. [88]).

Plaintiff maintained at the argument that her exhibits filed with her Motion (Docket Nos. [87-1], [87-2], [87-3]) and her re-filed Appendix (Docket No. [95]) were in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules. Following argument, the Court took Imani Defendants' Motion to Reconsider under further advisement so the Court could have the opportunity to review Plaintiff's submissions. (Docket Nos. [87], [95]). For the reasons set forth below, Imani Defendants' Motion to Reconsider the Order denying Imani Defendants' Motion to

3

Immediately Seal (Docket No. [91]) is GRANTED. Given that Plaintiff's submissions show names of minor children in violation of Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(D)(2), the exhibits attached to Plaintiff's Motion to Unseal the Appendix (Docket Nos. [87-1], [87-2], [87-3]) and Plaintiff's Appendix (Docket No. [95]) shall be SEALED.

**II. Legal Standard**

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F.App'x. 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The standard that Imani Defendants must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC*, 99 F.App'x. 405, 410 (3d Cir. 2004). The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, 2008 WL 5429620, at *1, Crim. Act. No. 03-245 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seaford Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3D Cir. 1999)).

A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *Miller v. Lamas*, 2011 WL 398408, at *1, Civ. Act. No. 10-51 (M.D. Pa. Feb. 2, 2011) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D. Pa. June 2, 1992)). Furthermore, "because federal courts have a strong interest in the finality of judgments, motions for reconsideration

should be granted sparingly." *Id*. (quoting *Continental Casualty Co. v. Diversified Indus., Inc*., 884 F.Supp. 937, 943 (E.D. Pa. Mar. 27, 1995)). It is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court. *Id*. (citing *Dodge*, 796 F.Supp. at 830).

**III. Discussion**

Imani Defendants do not allege that the controlling law has changed since the Court issued its ruling on March 28, 2011, denying Imani Defendants' Motion to Immediately Seal. (Docket No. [91]). Moreover, Imani Defendants do not submit any new evidence that was unavailable at the time that the Court rendered its Order.

Instead, Imani Defendants contend that Plaintiff missed several names of minor children in her attempt to redact such information from the documents she filed. Specifically, Imani Defendants point to the exhibits attached to Plaintiff's "Motion for Leave to Accept the Redacted Version of Exhibits Using Initials or No Name of Any Minors Names that Was Overlooked by Plaintiff when She Dedacted Some of the Names on Documents Contained in the Appendix Filed 3/16/11" (Docket Nos. [87-1], [87-2], [87-3]) which the Court has construed as a Motion to Unseal the Appendix. (Docket No. [83]). Said exhibits are similar to those that are contained in Plaintiff's initially filed Appendix. (Docket No. [78-1]). Plaintiff apparently filed said exhibits in an attempt to properly submit a redacted copy of documents that previously showed the names of minor children. Following Imani Defendants' Motion to Reconsider at the argument on April 1, 2011, Plaintiff denied that she had filed any documents, subsequent to her initially filed Appendix (Docket No. [78-1]), that show names of minor children.

Upon review of the exhibits that Plaintiff attached to her Motion to Unseal the Appendix (Docket Nos. [87-1], [87-2], [87-3]), it is apparent to the Court that Plaintiff has not properly redacted all names of minor children in said exhibits. The Court finds that said exhibits (Docket Nos. [87-1], [87-2], [87-3]) must be sealed in order to prevent a manifest injustice due to the sensitive nature of the documents and Plaintiff's failure to adequately comply with Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(D)(2). *See Banks*, 2008 WL 5429620, at *1. Although Plaintiff is currently proceeding *pro se*, she is bound by this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure. *See N'Jai v. Floyd*, 2009 WL 4823839, at *6, Civ. Act. No. 07-1506 (W.D. Pa. Dec. 9, 2009), *aff'd*, 386 F. App'x. 141 (3d Cir. 2010) ("the Court notes that all litigants must comply with the Federal Rules of Civil Procedure whenever they file a lawsuit in federal court, regardless of whether they are represented by counsel."). Moreover, there is no prejudice to Plaintiff as the Court has denied Imani Defendants' Motion to Dismiss (Docket No. [29]), without prejudice, and granted Plaintiff leave to amend her Complaint. (Docket No. [98]).

In addition, upon further review of Plaintiff's "Appendix of Evidence to Support Plaintiff's Motion/Brief to Deny Imani Defendants' Motion to Dismiss Plaintiff's Complaint" (Docket No. [95]) which she re-filed, with redactions, on April 1, 2011, it is likewise apparent to the Court that Plaintiff has not properly redacted all names of minor children in said Appendix. Similarly, the Court finds that said Appendix (Docket No. [95]) must be sealed in order to prevent manifest injustice due to the sensitive nature of the documents and Plaintiff's failure to adequately comply with Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(D)(2). *See Banks*, 2008 WL 5429620, at *1.

## IV. Conclusion

Accordingly, Imani Defendants' Motion to Reconsider the Order denying Imani Defendants' Motion to Immediately Seal (Docket No. [91]) is GRANTED. Given that Plaintiff's submissions show names of minor children in violation of Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(D)(2), IT IS HEREBY ORDERED that the exhibits attached to Plaintiff's Motion to Unseal the Appendix (Docket Nos. [87-1], [87-2], [87-3]) and Plaintiff's Appendix (Docket No. [95]) shall be SEALED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 13, 2011
CC/ECF: All counsel of record;

    JACQUELINE B. N'JAI
    P.O. Box 10133
    Pittsburgh, PA 15232
    (Regular & Certified Mail)