IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 10-1323 |
| PITTSBURGH BOARD OF PUBLIC ) | Judge Nora Barry Fischer |
| EDUCATION, IMANI CHRISTIAN ) | |
| ACADEMY, NAACP, MILTON RAIFORD, ) | |
| JR., MARLON BARNETT, SHERICE COLES, ) | |
| MAISHA JOHNSON, JASON WASHINGTON, ) | |
| DERRICK TURNER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

### I.     **Introduction**

Presently before the Court is Imani Defendants' Motion to Strike (Docket No. [79]) requesting that the Court "strike the entirety of Plaintiff's Appendix (Docket No. [78-1]) and any reference to said Appendix or its contents in Plaintiff's Response and Brief (Docket Nos. [77], [78]), as well as strike Plaintiff's attempts to incorporate by reference prior hearing transcripts or other documents that are not related to the legal challenges raised in the Imani Defendants' Motion to Dismiss." (Docket No. [79] at 3).

Plaintiff opposes Imani Defendants' motion (Docket No. [79]), arguing primarily that the disputed evidence is relevant to her defense to Imani Defendants' motion to dismiss (Docket No. [29]) and that "Imani Defendants chose to open the door widely" for her to defend the viability of her claims against Imani Defendants' Motion to Dismiss. (Docket No. [84] at 4). The Court

1

has since denied Imani Defendants' Motion to Dismiss (Docket No. [29]), without prejudice, and granted Plaintiff leave to amend her Complaint by May 2, 2011. (Docket No. [98]).

Upon consideration of the parties' submissions and because the Court has denied Imani Defendants' Motion to Dismiss (Docket No. [29]), without prejudice, (Docket No. [98]), Imani Defendants' Motion to Strike (Docket No. [79]) is DENIED, as moot and without prejudice.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Motions to strike are disfavored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *United States v. Rocky Mt. Holdings, Inc.*, 2011 U.S. Dist. LEXIS 25276, at *18, Civ. Act. No. 08-3381 (E.D. Pa. Mar. 10, 2011) (quoting *Kim v. Baik*, 2007 U.S. Dist. LEXIS 13553, at *18, Civ. Act. No. 06-3604 (D.N.J. Feb. 27, 2007)). A district court possesses considerable discretion in disposing of a motion to strike under Rule 12(f). *See Tauro v. Baer*, 2009 U.S. Dist. LEXIS 67640, at *3, Civ. Act. No. 08-1545 (W.D. Pa. Aug. 4, 2009) ("A decision to grant or deny a motion to strike a pleading is vested in the trial judge's sound discretion.").

## III. Discussion

Imani Defendants argue that Plaintiff improperly cites to numerous documents in her Response (Docket No. [77]) that are irrelevant and are not part of the record before the Court at the Motion to Dismiss stage because said documents were not included or referenced in Plaintiff's Complaint. (Docket No. [79] at 5). To that end, Imani Defendants point to Plaintiff's "Appendix of Evidence to Support Plaintiff's Motion/Brief to Deny Imani Defendants' Motion

to Dismiss Plaintiff's Complaint" attached to her Response. (Docket No. [78-1]).[1] Said Appendix contains over 100 pages of documents which Plaintiff maintains support the viability of claims. *Id*. Specifically, Plaintiff includes her resume (Docket No. [78-1] at 14); character references (Docket No. [78-1] at 14-28); documents regarding her work history (Docket No. [78-1] at 29-60, 87-98, 109); documents related to other legal proceedings (Docket No. [78-1] at 62-70); documents regarding Imani Policies (Docket No. [78-1] at 72-77); and other documents which Plaintiff submits as evidence to support her claim that her legal rights have been violated (Docket No. [78-1] at 80-85, 106-108). (Docket No. [79] at 5).

In addition, Plaintiff incorporates by reference her "New Matter in Response to Defendant Imani Christian Academy's Response to Plaintiff's Motion to Strike their Motion to Dismiss," (Docket No. [44]), and the "hearing transcripts dated 2/9/2011, 2/11/2011, 2/22/2011 and 3/8/2011 that pertain to Imani Christian Academy's statements, arguments, questions to N'Jai, etc., in this case 10-1323, and hearing transcripts from the PA Unemployment Compensation hearing dated 12/26/2010 (for N'Jai), and 12/29/2010 for Octavia Lewis/N'Jai as witness." (Docket No. [77]). Imani Defendants submit that these documents are similarly irrelevant to the issues raised in the Imani Defendants' Motion to Dismiss (Docket No. [29]) as they do not pertain to Plaintiff's allegations in her Complaint. (Docket No. [79] at 5).

The Court is certainly mindful of Plaintiff's *pro se* status whereby the Court must liberally construe her pleadings. *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite Plaintiff's *pro se* status, Plaintiff is

---

[1] Subsequently, Plaintiff re-filed the Appendix with redactions pursuant to the Court's Order (Docket No. [83]) because the prior filing (Docket No. [78-1]) showed the names of minor children in violation of Federal Rule of Civil Procedure 5.2(a) and Local Rule 5.2(D)(2). (Docket No. [95]).

3

required to adhere to the mandates of the Federal Rules of Civil Procedure. *Nguyen v. ATM Corp. of America*, 2008 WL 5003459, at *1, Civ. Act. No. 08-351 (W.D. Pa. Nov. 21, 2008). Indeed, the Federal Rules of Civil Procedure require Plaintiff to state an actionable claim upon which relief can be granted before she can attempt to prove her claim by offering evidence to the Court. FED. R. CIV. P. 8; *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)). Therefore, in determining whether Plaintiff's claim should be dismissed under Rule 12(b)(6) pursuant to any potential future motion to dismiss, the Court will look to the facts alleged in Plaintiff's Amended Complaint and the attachments to said Complaint. *Langan v. Procter & Gamble Co.*, 2008 WL 4399417, at *2, Civ. Act. No. 08-323 (M.D. Pa. Sept. 23, 2008) (citing *Jordan v. Fox Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994) ("Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6). Therefore, we can only look at the allegations in the complaint and attachments to the complaint to determine the facts."). The Court also recognizes the potential for converting such motion to dismiss to a motion for summary judgment upon notice to the parties. *See Berry v. Klem*, 283 F.App'x. 1, 3 (3d Cir. 2007) (citing *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004)); *see also Greer v. Smith*, 2003 WL 1090708, at *1, Civ. Act. No. 01-2943 (3d Cir. 2003) (citing *Southern Cross Overseas Agencies Inc. v. Wah Kwong Shipping Group*, Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)).

**IV. Conclusion**

Because the Court has denied Imani Defendants' Motion to Dismiss (Docket No. [29]), without prejudice, (Docket No. [98]), IT IS HEREBY ORDERED that Imani Defendants'

Motion to Strike (Docket No. [79]) is DENIED, as moot and without prejudice to said Defendants.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 13, 2011
CC/ECF: All counsel of record;

       JACQUELINE B. N'JAI
       P.O. Box 10133
       Pittsburgh, PA 15232
       (Regular & Certified Mail